IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

LUIS TELLES-TELLES,                  )
                                     )
                Petitioner,          )    Case No. CV 08-249-S-BLW
                                     )
        v.                           )    **MEMORANDUM DECISION**
                                     )    **AND ORDER**
WARDEN SMITH,                        )
                                     )
                Respondent.          )
_____ )

Currently pending before the Court in this habeas corpus matter is Respondent's Motion to Dismiss.  (Docket No. 7.)  Petitioner has not responded to the Motion, and the time to do so has expired.

For the reasons that follow, the Court will conditionally grant Respondent's Motion, but Petitioner will be provided a final opportunity to respond before the case is dismissed.

## BACKGROUND

After a jury trial in state court, Petitioner was convicted of vehicular manslaughter, and the trial court sentenced him to ten years, with the first five years fixed.  On appeal, Petitioner raised only one issue, challenging the district court's decision to admit evidence that purportedly lacked proper foundation. (State's Lodging B-3, p. 5.)  The Idaho Court of Appeals affirmed, and the Idaho

**MEMORANDUM DECISION AND ORDER - 1**

Supreme Court denied Petitioner's Petition for Review.  (State's Lodging B-10.)

Petitioner next filed a Petition for Post-Conviction Relief in state district court.  (State's Lodging C-1.)  The district court issued an Order of Conditional Dismissal, indicating that it intended to dismiss the Petition as untimely (State's Lodging C-2), but it has since allowed Petitioner to file an Amended Petition.  *See* www.idcourts.us/ repository (*Tellez-Tellez v. State*, Canyon County Case No. CV 2008-6123).  The case is still pending.

Under the prison "mailbox rule," Petitioner filed his federal Petition for Writ of Habeas Corpus, raising thirteen claims for relief, in this Court on May 29, 2008. (Docket No. 2.)  The Court conducted its initial review of the Petition and ordered Respondent to file an answer or an appropriate pre-answer motion to dismiss. Respondent has since submitted his current Motion, seeking an order dismissing the Petition without prejudice based on Petitioner's failure to exhaust his state court remedies.

## STANDARD OF LAW

To be eligible for habeas relief, a state prisoner must show that he is being held in state custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  Before coming to federal court, however, the prisoner must first exhaust his state court remedies.  *O'Sullivan v. Boerckel*, 526

**MEMORANDUM DECISION AND ORDER - 2**

U.S. 838, 842 (1999).  State court remedies have been properly exhausted when the prisoner has fairly presented all federal claims at each level of the state's appellate review process, giving the state courts a full opportunity to pass on and correct the alleged constitutional errors.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  In Idaho, this means that the prisoner must have at least raised the claims in the Idaho Supreme Court in a procedurally proper manner.

A federal court cannot grant relief on an unexhausted claim, though it retains the discretion to deny the claim if it is clearly meritless.  28 U.S.C. § 2254(b)(2).

## DISCUSSION

Petitioner raised only one issue during his direct appeal, and it was based solely on state law.  (State's Lodging B-3, pp. 6-10.)  Therefore, none of the federal constitutional claims that Petitioner has included in his Petition have yet been presented to the Idaho Supreme Court in a procedurally proper manner. Petitioner still has a potential remedy available to him in his pending post-conviction action, in which he has raised constitutional claims of ineffective assistance of trial counsel, among others.  (State's Lodging C-1, C-4.) Accordingly, the Court is persuaded by Respondent's argument that Petitioner has failed to exhaust his state court remedies.

Respondent notes that if the current state post-conviction action is found to

**MEMORANDUM DECISION AND ORDER - 3**

be untimely, then the time that it was pending in state court would not toll the one-year federal limitations period under 28 U.S.C. § 2244(d)(2), and any future habeas petition would likely need to be dismissed as untimely.  (Docket No. 7-2, p. 7, n.2.) To avoid this potential statute of limitations problem, a federal court may stay a habeas petition, under limited circumstances, "to allow the petitioner to present his unexhausted claims to the state court in the first instance." *Rhines v. Weber*, 544 U.S. 269, 271-72 (2005).

Petitioner's failure to respond to Respondent's Motion leaves the Court without his position on whether a stay would be appropriate, and the Court is not inclined to stay a habeas case in the absence of a request from the petitioner. Further, it is not clear whether the Court has the authority to hold this Petition in abeyance because it appears to contain only unexhausted claims.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("once a district court determines that a habeas petition contains only unexhausted claims ... it may simply dismiss the habeas petition for failure to exhaust").

For these reasons, Respondent's Motion to Dismiss shall be conditionally granted.  Before the Court enters judgment, however, Petitioner shall have a final opportunity to provide his position on the matter.  Any judgment dismissing this case would be without prejudice to refiling after state court remedies have been

**MEMORANDUM DECISION AND ORDER - 4**

exhausted, though the Court expresses no opinion on whether a future habeas action would be timely under 28 U.S.C. § 2244(d).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion to Dismiss (Docket No. 7) is conditionally GRANTED.

IT IS FURTHER HEREBY ORDERED that within 30 days of the date of this Order, Petitioner shall file a response to Respondent's Motion to Dismiss and to this Order, which he shall label as a "Motion to Proceed with Habeas Petition." Petitioner may instead choose to indicate his non-objection to dismissal by filing a notice of voluntary dismissal with the Court.  If Petitioner does not respond, the Court will dismiss this case without prejudice.



DATED:  **May 17, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 5**